Filed 7/17/14  In re Pineda CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re ABRAHAM PINEDA,<br><br>    on Habeas Corpus, | E056433<br><br>(Super.Ct.Nos. RIC1206055 &<br> RIF121408)<br><br>OPINION |

ORIGINAL PROCEEDINGS; petition for writ of habeas corpus.  Petition denied.

Melanie K. Dorian, under appointment by the Court of Appeal, for Petitioner.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and A. Natasha Cortina, Deputy Attorneys General, for Respondent.

### INTRODUCTION

Following a jury trial, petitioner was found guilty of second degree murder and a personal gun use enhancement was found true.  On June 12, 2006, he was sentenced to 40 years to life in prison.

1

His first challenge to this judgment occurred in April 2012 when he filed a petition for habeas corpus in the superior court. That petition was summarily denied on the ground it was untimely. In a subsequent habeas corpus petition filed in this court, petitioner claimed various instances of trial counsel's ineffectiveness, including the latter's failure to file a timely notice of appeal. We summarily denied the petition without comment.

Petitioner then filed a petition for writ of habeas corpus in the Supreme Court that raised virtually identical claims of ineffective assistance of counsel. After obtaining an informal response and reply, the Supreme Court directed the Director of the Department of Corrections and Rehabilitation to show cause before this court "why trial counsel was not ineffective for failing to file a notice of appeal after petitioner's sentencing hearing, and why petitioner should not be permitted to file a constructive notice of appeal. (See *Roe v. Flores-Ortega* (2000) 528 U.S. 470; *In re Benoit* (1973) 10 Cal.3d 72; Penal Code § 1240.1, subd. (b).)"[1]

Although trial counsel was ineffective for failing to file a notice of appeal, petitioner did not exercise due diligence in pursuing his appeal rights. He is not entitled to file a constructive notice of appeal and, accordingly, we deny this petition.[2]

---

[1] The Supreme Court denied the petition for habeas corpus as to all other claims.

[2] We are not precluded from again denying the petition. The Supreme Court's order does not establish a prima facie determination that petitioner is entitled to the relief requested. Rather, it is their preliminary determination that the petitioner has made a prima facie statement of specific facts that would entitle him to relief if established. (*In re Serrano* (1995) 10 Cal.4th 447, 454-455.) "[T]he issuance of the order to show cause

*[footnote continued on next page]*

# BACKGROUND

Following his conviction, petitioner alleges he called his attorney, Kendall Lee Byrd, and told him that the probation officer advised him he would be sentenced to 40 years to life. Byrd commented, "You're not supposed to get that. We're gonna appeal that."

When he was sentenced on June 12, 2006, petitioner alleges that he explicitly told Byrd that he wanted to appeal the conviction, and his attorney assured him he would do so. Petitioner claims that Byrd did not advise him of the 60-day deadline for filing the notice of appeal. Petitioner claims he does not recall whether he was advised by the trial court regarding his right to appeal or of the time requirement for filing a notice of appeal.

Thereafter, petitioner says he made numerous unsuccessful attempts by telephone to contact his attorney. His attorney did not contact him, and did not file a notice of appeal on his behalf.

Records of the California State Bar reflect that six notices of disciplinary charges were filed against Kendall Lee Byrd between the years 2004 and 2005. He was ordered to be on inactive status in 2007, and resigned with charges pending in 2009.

---

*[footnote continued from previous page]*
creates a 'cause' giving the People a right to reply to the petition by a return and to otherwise participate in the court's decisionmaking process. [Citation.] It is the interplay between the return and the petitioner's response to the return in a pleading called the traverse, that frames the issues the court must decide in order to resolve the case." (*Ibid.*) Consideration of the written return and matters of record may persuade the court of appeal that the petitioner's contentions lack merit and, in that event, the Supreme Court has explained that it may deny the petition without an evidentiary hearing. (*Ibid.*; *People v. Romero* (1994) 8 Cal.4th 728, 739-740.)

Petitioner alleges that he did not seek relief until 2012 because he was unaware of his claims and the legal basis for them. It was not until January 2012 that he received help from another inmate, and discovered his claims while researching in the prison law library. He explains the delay by pointing out that he is a Mexican national and at the time of his trial he did not speak English. He had only completed a sixth grade education and claimed that he had never before been a defendant in a criminal legal proceeding. When the Attorney General pointed out in the return that petitioner had four prior felony drug-related convictions and served time in jail, petitioner responded that he did not appeal these convictions and denied that he became aware of the time and procedural requirements as a result.

## DISCUSSION

Petitioner alleges that he asked trial counsel to file an appeal and that the latter promised to do so. We accept the truth of these allegations based on the principle that any doubts as to their veracity are to be resolved in petitioner's favor in order to protect the right of appeal, as well as the policy that this court's power to grant relief in these instances be liberally exercised so that in proper cases appeal rights will not be forfeited on technical grounds. (Cf. *People v. Rodriguez* (1971) 4 Cal.3d 73, 79; see also *In re Benoit*, *supra*, 10 Cal.3d at p. 89.)

Counsel's failure to file a notice of appeal under these circumstances constitutes constitutionally deficient performance of counsel. (*Roe v. Flores-Ortega*, *supra*, 528

4

U.S. 470.) To demonstrate prejudice a defendant need only show he would have filed a timely appeal but for counsel's failure. (*Id.* at p. 484.)

With respect to the Supreme Court's first question, we conclude that petitioner's trial counsel was ineffective for failing to file a notice of appeal after the sentencing hearing.

The Supreme Court's second question requires us to determine whether petitioner should now be allowed to file a notice of appeal. It has long been the law in this state that where a criminal defendant's counsel represents that he will file a notice of appeal, but fails to do so, the doctrine of constructive filing is appropriate to avoid punishing the party for the lawyer's error. (See *In re Benoit*, *supra*, 10 Cal.3d at pp. 85-86.) Furthermore, pursuant to *Benoit*, a writ of habeas corpus is the appropriate vehicle to obtain the relief petitioner seeks here. (*Id.* at p. 78.)

The Supreme Court has cautioned that the doctrine of constructive filing will not be indiscriminately applied to allow a defendant to file a late notice of appeal "when the defendant has displayed no diligence in seeing that his attorney has discharged this responsibility." (See *In re Benoit*, *supra*, 10 Cal.3d at p. 89.) After the judgment of conviction, petitioner alleges that he made numerous attempts by telephone to contact counsel, but the latter made no effort to contact him. We can easily credit petitioner's representation that he lost contact with counsel in light of the latter's disciplinary history. Again, we accept the truth of the allegations that petitioner made efforts to perfect his appeal, but we note he fails to specify the number or duration of these efforts. A

5

petitioner's inability to speak English, as well as a lack education and awareness of the law, may justify a substantial delay in filing a petition for habeas corpus relief where he acts diligently once he is aware of the facts and legal basis for relief. In contrast, a petitioner has to act diligently, using whatever resources are available to him once he is aware of possible grounds for relief. (Cf *In re Clark* (1993) 5 Cal.4th 750, 786-787.) As respondent notes, superior courts are required to advise a defendant of his or her right to appeal, the necessary steps, the time for taking an appeal, and of the right of an indigent defendant to have counsel appointed by the reviewing court. (Cal. Rules of Court, rule 4.305, former rule 250, eff. Jan. 1, 1972 & amended without substantive change.) Petitioner does not dispute that he was so advised but claims he does not remember. Respondent concludes that it is reasonable to conclude that he was made aware of the 60-day time limit for filing the notice. We need not resolve this issue. Here, by his own averments, petitioner was fully aware of his right to appeal in June 2006. Even assuming he was not aware of specific time limits for appealing, at some point years ago he must have realized that his attorney had abandoned him and that no appeal had been filed on his behalf. We conclude he has failed to demonstrate due diligence in allowing this matter to languish for six years before challenging his conviction.

Citing an exception to the bar of untimeliness when errors of constitutional magnitude occur at trial (*In re Reno* (2012) 55 Cal.4th 428,472-473), petitioner contends that even if this court finds he failed to act in a timely manner, he should still be allowed to pursue an appeal because such an error occurred here. We find this contention totally

without merit, but we must set forth the following facts[3] in order to explain our assessment. The victim was a waitress at a restaurant where petitioner was a regular customer who was interested in her. After getting off work on the night of the homicide, the victim got a ride home with two fellow employees. The driver stopped at a gas station for fuel. Petitioner followed them there. Saying she was going to tell petitioner to leave her alone, the victim got out of the car and walked over to petitioner's car. Two minutes later, the witnesses heard a gunshot and turned and saw the victim clench her chest with both hands and fall to the ground. Petitioner admitted to the police that he was angry with the victim for disrespecting him, but did not want to shoot her, just scare her.

Petitioner admits he shot and killed the victim and that there was a video recording of the incident at the gas station. Still photographs taken from this recording were introduced at trial, but the entire video recording was not played. In his opinion, playing the entire video would have supported his claim that he did not intentionally shoot the victim. His assertion is conclusionary, and he does not explain what he thinks the video would have shown that the still photographs did not or exactly how it would support this claim. Petitioner's allegations on this matter do not demonstrate any exception to the timeliness requirement.

---

[3] The facts are based on the preliminary hearing transcript and the probation report.

# DISPOSITION

The petition for writ of habeas corpus to file a constructive notice of appeal is denied.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING
J.

We concur:

McKINSTER
Acting P. J.

CODRINGTON
J.

8